IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:98-CR-00245-GCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>ALAN JEROME LINEBERGER,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant Alan Jerome Lineberger's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF Doc. 158], filed on July 23, 2020. The Government filed its Response [ECF Doc. 161] on August 21, 2020. The Motion is now fully briefed and ripe for review.

### I. BACKGROUND

Defendant Alan Jerome Lineberger was charged by bill of indictment on September 16, 1998, with Intent to Distribute Cocaine and Cocaine Base, Possession of a Firearm by a Convicted Felon, and Conspiracy to Commit Money Laundering. ECF Doc. 152 at 4. He was initially granted pretrial release, but his bond was later revoked, and he was ordered detained on April 1, 1999. ECF Doc. 63. Pursuant to a plea agreement, Defendant Lineberger pleaded guilty to Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base. ECF Doc. 72. The Court initially sentenced Defendant Lineberger to 360 months imprisonment but reduced the sentence to 324 months imprisonment on December 15, 2015. ECF Doc. 91; ECF Doc. 156.

As to the nature of Defendant's offense of conviction, his past criminal history and his disciplinary record, the Court notes the following. Defendant Lineberger was the leader of a drug

trafficking conspiracy, which involved more than five participants, and the participants in the conspiracy were responsible for distributing at least 150 kilograms of cocaine. ECF Doc. 152 at 7. Defendant Lineberger possessed a firearm during this conspiracy and developed drug sources in New York while being actively involved in trafficking powder cocaine and cocaine base from 1988–1998. *Id.* at 7, 5. From 1993–1998, Defendant Lineberger was also involved in laundering the proceeds from his drug trafficking. *Id.* at 5–6. Defendant was on probation for Possession of a Firearm During a Drug Trafficking Crime at the time of the underlying offense. *Id.* at 9. While under pretrial supervision for the underlying offense, the evidence indicates Defendant Lineberger tested positive for marijuana. *Id.* at 4–5. Also, while under pretrial supervision for the underlying offense, Defendant Lineberger was indicted for Uttering Counterfeit Securities and Conspiracy to Commit the Same. *Id.* He pleaded guilty to two counts in that case on May 25, 1999. *Id.* Defendant Lineberger has also been arrested three other times for cocaine trafficking, has been arrested on fugitive charges, and has been convicted of carrying a prohibited weapon in New Jersey. *Id.* at 10, 8. Further, Defendant Lineberger has a history of disciplinary incidents while being incarcerated. ECF Doc. 162 at 1–5. With these facts in mind, the Court turns to analyzing Defendant's Motion for Compassionate Release.

## II. DISCUSSION

In relevant part, upon motion by a defendant after exhausting administrative remedies,[1] 18 U.S.C. § 3582 allows courts to reduce a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)

---

[1] There is no dispute regarding whether Defendant Lineberger exhausted his administrative remedies.

(2018). The applicable policy statement is found in Section 1B1.13 of the United States Sentencing Commission Guidelines Manual, which sets forth extraordinary and compelling reasons that may justify compassionate release. Such reasons include: (i) that "[t]he defendant is suffering from a terminal illness" or (ii) that the defendant is suffering from "a serious physical or medical condition" or "experiencing deteriorating physical or mental health because of the aging process" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii).[2] Beyond finding extraordinary and compelling reasons to warrant a sentence reduction, the Court must find that "the defendant is not a danger to the safety of any other person or to the community." *Id.* at § 1B1.13(2).

Defendant Lineberger argues he is entitled to sentence reduction because the heightened risk for adverse outcomes or death from COVID-19 is life threatening, especially due to the living conditions and COVID-19 policies of his complex, as well as due to the number of individuals who have tested positive for COVID-19 at his complex. ECF Doc. 158 at 1–2. Moreover, Defendant Lineberger argues his advancing age, arthritis, decreased mobility, and urinary tract blockage entitle him to sentence reduction. *Id.* at 2.

In its Response, the Government argues that Defendant has not satisfied his burden to establish extraordinary and compelling reasons for early release, nor has he demonstrated that he is not a danger to the community. ECF Doc. 161 at 1. The Government listed and explained the numerous procedures the Bureau of Prisons is following to prevent the spread of COVID-19. *Id.* at 1–5. The Government also explained that there are no extraordinary and compelling reasons specific to Defendant that warrant early release due to COVID-19. *Id.* at 8–11. Moreover, the

---

[2] There are other extraordinary and compelling reasons listed in the relevant policy statement, but the reasons listed above are those relevant to this Motion.

Government argues Defendant would pose a danger to public safety if released because he "has a history of disciplinary incidents while incarcerated," "has demonstrated a pattern of carrying firearms," and his "history and characteristics show that he is a serial recidivist." *Id.* at 11–12. Thus, the Government argues Defendant is a danger to the community and the factors set forth in 18 U.S.C. § 3553 weigh against granting Defendant Lineberger's motion. *Id.*

In considering the factors set forth in Section 3553 and the relevant policy statements, and considering Defendant Lineberger's criminal history, disciplinary record during imprisonment, age, and medical conditions, the balance weighs against reducing Defendant Lineberger's sentence. The Bureau of Prisons has implemented extraordinary measures to protect inmates from COVID-19, which appear especially effective at Defendant Lineberger's facility. *See* ECF Doc. 161 at 10. While Defendant Lineberger lists his medical conditions, such as arthritis, urinary tract blockage, and increasing age as reasons supporting his Motion for Compassionate Release, his medical conditions do not rise to the level needed to establish extraordinary and compelling circumstances. Even in the wake of COVID-19, there is no indication that Defendant Lineberger's ability to provide self-care within the environment he is living is substantially diminished so as to outweigh the other factors that disfavor reducing his sentence. Moreover, the sentence Defendant Lineberger is serving reflects the seriousness of his offenses, promotes respect for the law, and provides just punishment for his offenses. Further, the nature and scale of his past criminal activity evince the danger his criminal acts posed to the public, and the current sentence length should serve as an adequate deterrence to criminal conduct to protect the public from possible future danger. In sum, after considering all the relevant factors, the Court finds the Motion should be **DENIED**.

**III.    ORDER**

**IT IS HEREBY ORDERED** that Defendant Alan Jerome Lineberger's Motion for Compassionate Release [ECF Doc. 158] is **DENIED**.

**SO ORDERED**.

Signed: December 15, 2020

Graham C. Mullen
United States District Judge